1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  GYPSIE JONES,
                                    2:05-cv-0535-MCE-KJM
12          Plaintiff,

13       v.                          MEMORANDUM AND ORDER

14  SEARS ROEBUCK & CO., dba SEARS
    #61778,
15
            Defendant.
16
                         ----oo0oo----
17

18       Plaintiff Gypsie Jones ("Plaintiff") filed the instant

19  action against Defendant Sears Roebuck, Inc. ("Defendant"),

20  alleging that Sears Roebuck #6178, located at 1604 Arden Way,

21  Sacramento, California ("the Store"), is in violation of both the

22  Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et

23  seq. and California's Unruh Civil Rights Act ("Unruh Act"), Cal.

24  Civil Code §§ 51 et seq.  Plaintiff seeks damages pursuant to the

25  Unruh Act and injunctive relief pursuant to the ADA.

26  ///

27  ///

28  ///

                              1

1   The case is now before the Court on Defendant's Motion to
2   Dismiss for lack of subject matter jurisdiction, pursuant to
3   Federal Rule of Civil Procedure 12(b)(1).[1] As set forth below,
4   the Court finds Plaintiff's ADA claim is not ripe for
5   adjudication. Subject matter jurisdiction over this case is
6   therefore lacking.[2] Defendant's Motion to Dismiss on that basis
7   is accordingly granted.[3]
8
9                              **BACKGROUND**
10
11   Plaintiff is a paraplegic who requires the use of a
12   wheelchair for mobility.  Plaintiff visited the Store on May 17,
13   2004, during a visit to Sacramento. While in the Store, she
14   alleges she encountered architectural barriers that made it
15   difficult or impossible for her to have full and equal access to
16   the goods and services provided by Defendant.
17   At the time Plaintiff filed her complaint, she lived 156
18   miles away from the Store, in Cottonwood, California (Dep. Of
19   Gypsie Jones ("Jones Dep.") at 9:13-21, Ex. A of Dec. of Marc B.
20   Koenigsberg).
21   ///
22
23   ───────────────
24       [1]All further references to "Rule" or "Rules" are to the
     Federal Rules of Civil Procedure unless otherwise noted.
25       [2]Because the Court finds Plaintiff's ADA claim lacks subject
26   matter jurisdiction, it is unnecessary to address Defendant's
     alternative Motion for Summary Judgment pursuant to Rule 56.
27       [3]Because oral argument would not be of material assistance,
28   this matter was determined to be suitable for decision without
     oral argument.  L.R. 78-230(h).

In November 2004, Plaintiff moved to Anderson, California, and now lives 157 miles away from the Store (Jones Dep. 9:9-21).[4] Plaintiff visits the Sacramento area four to five times a year, most frequently to see her grandfather (Jones Dep. at. 24:14-18). Prior to her visit on May 17, 2004, Plaintiff had not visited the Store in seventeen years[5].  Plaintiff shops at other Sears stores occasionally; she goes to the Redding Sears once a year (Jones Dep. at 31:21-23), and also sporadically patronizes other northern California Sears facilities.

**STANDARD**

     In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

///

///

---

     [4] In addition to the testimony provided by Plaintiff in her deposition with respect to distances from her home to various stores operated by Defendant, Defendant has also requested, pursuant to Federal Rule of Evidence 201, that the Court judicially notice the distance between Plaintiff's residence and various Sears facilities located in Sacramento, Red Bluff, and Redding. Those requests were unopposed and are hereby granted.

     [5] According to Plaintiff's deposition, prior to her May 17, 2004 visit, she had not visited the Store since "age 17" (36:8-18). In both Defendant's Memorandum of Points and Authority and Statement of Undisputed Facts, Defendant claims Plaintiff's visit on May 17, 2004 was her first in seventeen years. Plaintiff has not controverted Defendant's statement, consequently the Court accepts Defendant's statement as true.

3

1  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d

2  730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan

3  Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion

4  constitutes a facial attack, the Court must consider the factual

5  allegations of the complaint to be true.  Williamson v. Tucker,

6  645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.

7  If the motion constitutes a factual attack, however, "no

8  presumptive truthfulness attaches to plaintiff's allegations, and

9  the existence of disputed material facts will not preclude the

10  trial court from evaluating for itself the merits of

11  jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting

12  Mortensen, 549 F.2d at 891).  The Court may itself review any

13  evidence, including declarations and testimony, in making its

14  decision in that regard.  McCarthy v. U.S., 850 F.2d 558, 560

15  (9th Cir. 1988).  The instant motion presents a factual

16  jurisdictional attack.

17      If the Court grants a motion to dismiss a complaint, it must

18  then decide whether to grant leave to amend.  Generally, leave to

19  amend should be denied only if it is clear that the deficiencies

20  of the complaint cannot be cured by amendment.  Broughton v.

21  Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

22

23                          **ANALYSIS**

24

25      Defendant contends Plaintiff lacks standing, as required by

26  Article III of The United States Constitution, to assert a proper

27  ADA claim under the circumstances of this case.

28  ///

                                4

1    Specifically, Defendant argues Plaintiff failed to establish the

2    necessary injury in fact as required by Article III.  In the

3    absence of a cognizable federal claim predicated on the ADA,

4    Defendant also urges that the Court decline to exercise

5    supplemental jurisdiction over the Plaintiff's state law claims

6    and dismiss the case in its entirety.

7         To satisfy Article III standing, a plaintiff must show that:

8    (1) she has suffered an "injury in fact" that is (a) concrete and

9    particularized, and (b) actual or imminent, not conjectural or

10   hypothetical; (2) the injury is fairly traceable to the

11   challenged action of the defendant; and (3) it is likely, as

12   opposed to merely speculative, that the injury will be redressed

13   by a favorable decision.  Friends of the Earth, Inc. v. Laidlaw

14   Envtl. Servs., Inc., 528 U.S. 167, 180-181 (2000).

15        The injury in fact prong is generally considered the

16   "principal limitation imposed by Article III." Grand Lodge of

17   Fraternal Order of Police v. Ashcroft, 185 F.Supp.2d 9, 14 (D.C.

18   Cir. 2001) (citations omitted).  To satisfy the injury in fact

19   requirement under the ADA for injunctive relief, a plaintiff must

20   "demonstrate that they themselves face a real and immediate

21   threat of future harm." Parr v. L & L Drive-Inn Rest., 96

22   F.Supp.2d 1065, 1079 (Haw. 2000).  Plaintiff can achieve this by

23   "showing he has encountered...barriers at a place of public

24   accommodation and he intends to return to the public

25   accommodation in the future." Molski v. Arby's Huntington Beach,

26   359 F.Supp.2d 938, 946 (C.D. Cal. 2005) (citing Pickern v.

27   Holiday Quality Foods, Inc., 293 F.3d 1133, 1137-1138 (9th Cir.

28   2002)).

1    The issue of barriers is not in dispute.  Instead, Defendant
2  simply challenges Plaintiff's likelihood of returning to the
3  Store, in arguing that she lacks standing to assert any ADA claim
4  against the particular Store in question.  Courts have commonly
5  applied four factors when determining if a plaintiff has
6  established a likelihood of return sufficient to confer standing:
7  (1)the proximity of the place of public accommodation to
8  plaintiff's residence; (2) plaintiff's past patronage of
9  defendant's business; (3) the definitiveness of plaintiff's plans
10  of return; and (4) the plaintiff's frequency of travel near the
11  business in question.  <u>Arby's Huntington Beach</u>, 359 F.Supp.2d at
12  947 (citing <u>D'Lil v. Best Western Encina</u>, 2001 U.S. Dist. Lexis
13  23309, 2001 WL 1825832 at *3).  These factors will now be
14  addressed in turn.

15    **A. Proximity of Public Accommodation**

16    "As the distance between the plaintiff's residence and the
17  public accommodation increases, the likelihood of future harm
18  decreases."  <u>Molski v. Mandarin Touch Rest.</u>, 358 F.Supp.2d 1042,
19  1045 (C.D. Cal. 2005); see also <u>Wilson v. Costco Wholesale Corp.</u>,
20  426 F.Supp.2d 1115, 1121 (S.D. Cal. 2006).  Courts have
21  consistently maintained that a distance over 100 miles weighs
22  against finding a reasonable likelihood of future harm.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

6

1   See <u>De Lil v. El Torito Rest.</u>, 1997 U.S. Dist LEXIS 22788, No. C-

2   93-3900 (N.D. Cal. 1997) (holding the plaintiff failed to

3   establish a likelihood of future harm, in part because he lived

4   over 100 miles from defendant restaurant); <u>Molski v. Kahn Winery</u>,

5   2005 US Dist. LEXIS 41768 (2005) (concluding the plaintiff

6   unsuccessfully established a likelihood of future harm, in part

7   because he lived 104 miles from the defendant winery); <u>Harris v.</u>

8   <u>Del Taco</u>, 396 F.Supp.2d 1107, 1113 (C.D. Cal. 2005)(finding the

9   plaintiff lacked standing to assert a claim for injunctive

10  relief, partly because he lived 573 miles away from the defendant

11  restaurant).

12       In the present matter, Plaintiff lives 157 miles away from

13  the Store.  The distance between Plaintiff's residence and the

14  Store is considerable and weighs against finding a likelihood of

15  future harm.  The Court is unpersuaded by Plaintiff's argument

16  against a 100 mile threshold based on "today's car-based economy"

17  (Pl.'s Resp. 5:27-28).  Plaintiff's argument lacks authority, and

18  fails to address Plaintiff's likelihood of returning to the Store

19  in any event.

20       **B. Past Patronage**

21       "The lack of a history of past patronage seems to negate the

22  possibility of future injury at that particular location." <u>Kahn</u>

23  <u>Winery</u>, 2005 U.S. Dist. LEXIS 41768.  In addition to subsequently

24  visiting the defendant's facility, a history of patronage can be

25  established by visiting other stores in the chain or showing <u>a</u>

26  preference for the specific chain.

27  ///

28  ///

1  <u>Pickern</u>, 293 F.3d 113 (concluding the plaintiff established

2  future harm sufficient to sue a Holiday Store located 70 miles

3  from his residence, by both frequently shopping at the Holiday

4  Store in his hometown and showing a genuine preference for the

5  chain).

6       Prior to her visit on May 17, 2004, Plaintiff visited the

7  Store in question once before, some seventeen years previously.

8  The Court acknowledges Plaintiff has visited the Store in the

9  past.  One visit many years ago, however, is inadequate to create

10  a history of patronage that increases the likelihood of future

11  harm.  Plaintiff's visit, as a teenager, to the Store provides

12  the Court no insight on her likelihood of returning.

13       Defendant in this case is a chain with stores throughout

14  California.  Unlike the <u>Pickern</u> plaintiff, Plaintiff has failed

15  to show a general preference for the Defendant's chain.

16  According to Plaintiff, she visits the Sears in Redding,

17  California, located only thirteen miles away from her home only

18  about once a year, and last visited the Sears in Red Bluff,

19  California a "couple of years ago" (Jones Dep. 31:20).  The

20  Plaintiff has displayed no regular pattern of patronizing Sears

21  or a specific preference for the franchise.  Consequently, the

22  Court finds no history of past patronage supporting Plaintiff's

23  likelihood of future harm.

24  ///

25  ///

26  ///

27  ///

28  ///

8

### C. Plans to Return

Standing cannot be established by a plaintiff asserting a "mere profession of an intent, some day, to return." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 564 (1992)(holding plaintiffs' general intent of returning insufficient to confer standing, without a more concrete plan of return).  "Where a plaintiff lacks 'concrete plans to return, the Court must satisfy itself that a plaintiff's professed intent to return is sincere and supported by the facts.'" <u>Kahn Winery</u>, 2005 Dist. Lexis 41768, at 9(citing <u>Parr</u>, 96 F.Supp.2d 1065, 1079).  Courts have frequently considered a plaintiff's litigation history in determining the sincerity of their professed intent to return. <u>Id</u>.; see also <u>Wilson</u>, 426 F.Supp.2d at 1123; <u>Mandarin Touch Rest.</u>, 385 F.Supp.2d at 1046-47.

In the current matter, Plaintiff admits she has a general intent of returning to the Store, but has no specific plans.[6] Under the <u>Lujan</u> standard, Plaintiff's general intent is insufficient to confer standing.

In rebuttal, Plaintiff contends that specific plans are unnecessary, because visiting the Store is not the type of event that requires advance planning.  Plaintiff argues that the nature of visiting the Store is more accurately compared to visiting a fast food restaurant, as in <u>Parr</u>.

///

///

---

[6]In her deposition Plaintiff stated, "...I don't have any plans. But I do want to go back there eventually, if not to buy something, at least to make sure they're getting all of the barriers taken care of" (Jones Dep. 87:5-8).

In <u>Parr</u>, the court categorized visiting a fast food restaurant as "not the sort of event that requires advance planning or the need for a reservation," instead noting that "[f]ast food patrons visit such restaurants at the spur of the moment." 96 F.Supp.2d at 1079.  Plaintiff argues that visiting the Store, like patronizing a fast food restaurant, is a "spur of the moment" activity that does not require advance planning.

The Court agrees that visiting the Store does not require premeditation; therefore specific plans are not dispositive in determining whether Plaintiff is likely to return to the Store. Instead, in the present matter, the Court must look to the sincerity and credibility of Plaintiff's professed general intent to return to the Store.  Two key facts cause the Court to question Plaintiff's intent to return to the Store.

First, Plaintiff has established a recent and voluminous history of litigation.  The Plaintiff has filed 114 lawsuits in the last four years in Federal District Courts in California.[7] Particularly, the Plaintiff has filed thirty-nine cases in the Eastern District, nine heard specifically before this Court. Second, Plaintiff has herself admitted to returning to only 40-50 percent of the facilities she has previously sued.[8]  This is an unconvincing track record, demonstrating that Plaintiff returns to facilities she sues no more the half of the time.

_____

[7]Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's prior litigation history in Federal court, as discovered through its own investigation.

[8]In her deposition Plaintiff stated, "I'm going to estimate that I've been back to about 40 to 50 percent of" facilities after lawsuits against them ended (Jones Dep. 29:6-7).

Plaintiff's unsatisfactory rate of return to businesses she has previously sued in combination with her current and extensive litigation history significantly cripples her credibility and undermines the sincerity of her professed intent to return to the Store.

**D. Frequency of Travel Near the Store**

Plaintiff travels to the Sacramento area four to five times a year, most commonly to see her grandfather.  Plaintiff's frequency of visiting the Sacramento area is comparable to the plaintiff's propensity of travel in <u>Wilson</u>.  In that case, the court found the plaintiff's travel to the San Diego area some three to four times a year was insufficient to confer standing. 426 F.Supp.2d at 1119.  On the other hand, in <u>Parr</u> and <u>Pickern</u>, cases where plaintiffs' habits were found sufficient to confer standing, both plaintiffs traveled frequently to the area where defendants' facilities were located.  In <u>Pickern</u> the plaintiff visited his grandmother weekly, and in <u>Parr</u> the defendant restaurant was on plaintiff's regular bus route.  293 F.3d at 1135; 96 F.Supp.2d at 1080.  In contrast, Plaintiff's frequency of travel near the Store is far more diluted than was the case for the plaintiffs in either <u>Pickern</u> or <u>Parr</u>.  Consequently, the Court finds Plaintiff's frequency of travel to the Sacramento area insufficient to increase Plaintiff's likelihood of returning to the Store.

///

///

///

///

11

**CONCLUSION**

As demonstrated above, all four factors weigh strongly against finding a likelihood of Plaintiff returning to the Store. Accordingly, the Court holds that Plaintiff lacks standing to pursue injunctive relief under the ADA against Defendant, and hereby GRANTS Defendant's Motion to Dismiss Plaintiff's ADA claim with prejudice, since the Court does not believe the deficiencies of that claim can be rectified through amendment. Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining State law claims and dismisses those claims without prejudice. The Clerk of the Court is hereby directed to close the file.

DATED: November 28, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

12